UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Cheryl A. Himes | § |
| | § |
| | § Civil Action No. |
| | § |
| | § 5:17-cv-809 |
| | § |
| | § |
| | § |
| Collateral Recovery Team, | § |
| | § |
| LLC and TitleMax of | § |
| | § |
| Texas, Inc., d/b/a TitleMax | § |
| | § |

**Plaintiff's Original Complaint**

Introduciton

The Fair Debt Collection Practices Act was passed to constrain offensive and oppressive tactics of debt collectors. Congress' definition debt collector includes those who enforce security interests.

In this action Plaintiff complains that Collateral Recovery Team, LLC enforced an nonexistent security interest in violation of the

FDCPA. Plaintiff further complains that Collateral unlawfully converted her property. On belief and information Plaintiff asserts that TitleMax had a role in the conversion and should be liable for the conversion. Both are liable under the Texas Theft Liability Act.

**Jurisdiction & Venue**

1. The Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

2. Supplement jurisdiction for state law claims arises under 28 U.S.C. § 1367.

3. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of Texas at the time this action commenced.

**Parties**

4. Plaintiff, Cheryl A. Himes, is a natural person who resides in Bexar County, Texas.

5. Defendant Collateral Recovery Team, LLC is a Texas Corporation who may be served by serving its registered agent James P. McElwee at 4801 NE Loop 410, Suite 725, San Antonio, TX 78229.

6. Defendant TitleMax of Texas, Inc., d/b/a TitleMax is a Texas Corporation who may be served by serving its registered agent The Corporation Trust Company at 1999 Bryan St., Ste 900, Dallas, TX 75201.

**Facts**

7. Himes purchased her Infinity G35 in April 2012. She used the car for personal and household purposes, including to running errands, shopping, going to and from work, and taking kids to and from school.

8. In 2013 Himes and her then husband file for Chapter 13 bankruptcy. During the pendency of the bankruptcy they divorced. The bankruptcy court found that TitleMax had not property secured its interest in Himes' car; TitleMax's interest was unsecured.

9. In January 2017 they converted their bankruptcy to a Chapter 7. The bankruptcy was discharged in April 2017. Himes' unsecured debt was discharged.

10. Over the summer of 2017 she promised the car to her daughter in high school. On August 1, 2017 the car was taken from Himes' residence. She called the police who informed her that Collateral had taken it.

**First Cause of Action - FDCPA**

11. Under 15 U.S.C. § 1692a(6)(F) the term debt collector includes "any person who uses any instrumentality of interstate commerce…in any business the principal purpose of which is the enforcement of security instruments."

12. According to its website Collateral is "one of the most successful repossession companies in Texas.[1]"

13. Collateral is a debt collector as defined in 15 U.S.C. § 1692a(6).

14. Collateral repossessed Himes' car without an enforceable security interest in the vehicle. Collateral's taking a

---

[1] http://www.collateralrecoveryteam.com/ last accessed August 17, 2017.

nonjudicial action to dispossess Himes of her vehicle when there is no enforceable security interest is a violation of 15 U.S.C. § 1692f(6)(a).

**Second Cause of Action – Conversion**

15. Himes owns her car free and clear of any other interests, including both Collateral and TitleMax. She had the right to immediate possession of her car.

16. Without any recognized interest in Himes' car, Collateral took her car. Based on information and belief Collateral turned the car over TitleMax. This taking injured Himes.

**Third Cause of Action - Texas Theft Liability Act**

17. Under Tex. Civ. Prac. & Rem. Code § 134 a person who unlawfully appropriates the property of another is liable for the damages resulting from the theft. Both TitleMax and Collateral took part in stealing Himes' car. Each are liable under the Texas Theft Liability Act.

**Jury Demand**

18. Plaintiff demands a trial by jury.

**Relief Requested**

Plaintiff respectfully requests the Court enter judgment in her favor as follows:

A. An award of statutory damages per 15 U.S.C. § 1692k(a)(2)(A) and Tex. Civ. Prac. & Rem. Code § 134.005(a)(1);

B. An award of actual damages under 15 U.S.C. § 1692k(a)(1) and Tex. Civ. Prac. & Rem. Code § 134.005(a)(1);

C. An award of actual damages for Defendants' conversion;

D. An award of damages for Plaintiff loss of use of her vehicle;

E. Return of Plaintiff's vehicle;

F. Attorney's fees, litigation expenses, and costs under 15 U.S.C. § 1692k(a)(3) and Tex. Civ. Prac. & Rem. Code § 134.005(b); and

G. All other and further relief that may be just and proper.

Dated: August 23, 2017            Respectfully Submitted,

*/s/William M. Clanton*
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.

926 Chulie
San Antonio, TX 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com